[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
Plaintiff Steven R. Rondinone appeals a decision of the defendant commissioner of motor vehicles suspending the plaintiff's motor vehicle operator's license for six months. The commissioner acted pursuant to General Statutes § 14-227b on the basis that the plaintiff refused to submit to a chemical test of the alcohol content of his blood after being arrested on a charge of driving while under the influence of alcohol. The plaintiff appeals pursuant to § 4-183. The commissioner moves to dismiss the appeal, claiming that the plaintiff has failed to comply with Practice Book § 257. The court CT Page 5495-RRR finds in favor of the commissioner.
The plaintiff filed this appeal on December 15, 1995. Simultaneously, he moved for a stay of the commissioner's suspension order. The commissioner did not object to the stay, and the court granted the plaintiff's request on December 27, 1995. At that time, the court established a schedule for filing the answer and record and the parties' briefs. Subsequently, the court granted the commissioner's request for an extension of time to file the answer and record until March 13, 1996.
The commissioner filed the answer and record on March 13, 1996. Pursuant to Practice Book § 257(a), the plaintiff's brief in support of his appeal was due to be filed with the court on or before April 12, 1996, which is the thirtieth day after March 13. The plaintiff has not filed a brief. The plaintiff has not filed any motions for extension of time for filing his brief. On May 1 and July 8, 1996, the commissioner filed motions to dismiss on account of the plaintiff's failure to file his brief in accordance with the provisions of the practice book and the court's orders.
On September 16, 1996, the court conducted a hearing on the commissioner's motions. Counsel for the parties appeared; the plaintiff was not present. Plaintiff's counsel conceded that the brief in support of the plaintiff's appeal has not been filed. He stated that he had inadvertently misplaced it.
Practice Book § 257(a), in relevant part, provides as follows:
 . . . except as otherwise permitted by the court in its discretion, in an administrative appeal . . . the plaintiff's brief shall be filed within thirty days after the filing of the defendant's answer or the return of the record, whichever is later . . . If a party fails timely to file the record, answer or brief in compliance with this paragraph, the court may on its own motion or a motion of one of the parties and after hearing make such order as the ends of justice require. Such orders may CT Page 5495-SSS include but are not limited to the following or any combination thereof: . . . (ii) if the party not in compliance is the plaintiff, an order dismissing the appeal. . . .
In the present case, the plaintiff has disregarded the court's orders and the provisions of the practice book concerning the filing of his brief, and he has done so in spite of two strong reminders from the commissioner in the form of motions to dismiss. Plaintiff's attorney offers virtually no credible excuse for this failure to prosecute the appeal.
Another factor that the court considers relevant to its decision on the commissioner's motion is the subject matter of the appeal. As noted, the plaintiff is appealing the six months suspension of his driver's license. Pursuant to General Statutes § 14-227b(f), the suspension was based in part on the department's factual finding that the police had probable cause to arrest the plaintiff for operating his motor vehicle on a public road while under the influence of alcohol. A principal purpose for the suspension of licenses under these circumstances is the protection of the public "by removing potentially dangerous drivers from the state's roadways with all dispatch compatible with due process."State v. Hickam, 235 Conn. 614, 624 (1995). In this case, the commissioner's action in that regard has been stayed for almost nine months. The plaintiff has had more than enough time to avail himself of due process. The public interest, intended to be protected by the statute, should no longer be at risk.
Based on the factors summarized above and in accordance with the provisions of Practice Book § 257(a) (ii), the court concludes that the ends of justice in this case are best served by dismissing the appeal.
The appeal is dismissed, and the stay of the commissioner's decision is terminated.
MALONEY, J. CT Page 5495-TTT